UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 33 PECK SLIP ACQUISITION LLC, *et al.*, | Case No. 15-12479 (JLG) |
| Debtors.[1] | Jointly Administered |

**AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(a), 363, AND 365
AND RULES 6004 AND 6006 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE (I) APPROVING THE PURCHASE
AGREEMENT AND SALE PROCEDURES IN CONNECTION WITH
THE SALE OF THE PROPERTY LOCATED AT 37 WEST 24TH STREET,
NEW YORK, NEW YORK, TO BRIDGETON ACQUISITIONS LLC OR
A PARTY SUBMITTING A HIGHER OR BETTER BID,(II)
SCHEDULING AN AUCTION AND A SALE HEARING, AND
(III) APPROVING THE FORM OF NOTICE OF SUCH SALE**

Upon the motion (the "Sale Motion")[2] of Gemini 37 West 24th Street MT, LLC (the "Debtor"), for the entry of an order, pursuant to Sections 105(a), 363, and 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and pursuant to the amended guidelines adopted by General Order M-383 (a) approving bidding procedures (the "Sale Procedures") in connection with the sale (the "Sale") of the real property located at 37 West 24th Street, New York, NY (the "Property") to Bridgeton Acquisitions LLC or assignee ("Purchaser"), as more particularly described in the hotel purchase and sale agreement (together with the related sale documents, the "Purchase

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 33 Peck Slip Acquisition LLC (3412), 52 West 13th P, LLC (4970), 36 West 38th Street, LLC (6842), and Gemini 37 West 24th Street MT, LLC (4143).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion or the Purchase Agreement.

75640160.1

Agreement"), Annexed to the Sale Motion as Exhibit "A"; (b) approving the Purchase Agreement; (c) scheduling an auction (the "Auction") (if a qualified competing bid, other than Purchaser's, is timely received) and, at the election of the Debtor, a sale hearing (the "Sale Hearing"); and (d) approving the form of notice of such Sale Procedures, the Auction and the Sale; and (ii) if the Debtor requests a Sale Hearing (rather than seeking approval of the Sale under a plan of reorganization), entry of an order (the "Sale Order") (a) pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006 authorizing and approving the Sale to Purchaser or to another qualified bidder submitting a higher or better offer (the "Successful Bidder") free and clear of all liens, claims, interests or encumbrances; (b) approving the Purchase Agreement, and (c) granting certain related relief; and the Court having reviewed the Sale Motion and the attachments thereto; and upon the record of the hearings held before the Court on October 7, 2015 October 13, 2015, October 28, 2015 and November 13, 2015  and the Court having determined, based on the withdrawal by the objecting parties, William Obeid, and the Lenders, Cornerstone Real Estate Advisors and UBS Realty Investors LLC, of their respective objections -- in light of the concessions made by the Debtor on the record at the October 13, 2015 hearing and the stipulation of the parties on the record at the November 13, 2015 hearing that has been submitted to the Court concurrently herewith, that the relief requested in the Sale Motion is in the best interest of the Debtor's estate, its creditors and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**[3]

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.), as amended by order M-431 dated January 31, 2012 (Preska, C.P.J.).

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in the Sale Motion and the bases for the approvals and authorizations herein are Sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006.

4. Good and sufficient notice of the relief sought in the Sale Motion was given under the circumstances, and no further notice is required, and such notice complied with all applicable requirements of Sections 102, 363, and 365 of the Bankruptcy Code; Bankruptcy Rules 2002, 6004, 6006, and 9008; and any other applicable provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any Administrative Orders. A reasonable opportunity to object or be heard regarding the relief requested in the Sale Motion (including, without limitation, with respect to the proposed Sale Procedures) has been afforded to all interested persons and entities including, but not limited to: (i) the Office of the United

---

[3] Where appropriate in this Procedures Order, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact pursuant to Bankruptcy Rule 7052.

States Trustee for the Southern District of New York; (ii) counsel to the Debtor; (iii) all creditors; (iv) the Purchaser; and (v) all other parties that have filed a notice of appearance and demand for service of papers in this bankruptcy case under Bankruptcy Rule 2002 (the "Bidding Procedures Notice Parties").

5. The Debtor's proposed notice of the Sale Procedures, the Auction (if necessary) and the Sale Hearing (if necessary/requested), as set forth in the Sale Motion and as modified to reflect the agreements set forth on the record of the hearings, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

6. The Sale Procedures, attached to this order (this "Procedures Order") as **Exhibit A,** are fair, reasonable and appropriate and are designed to maximize the recovery for the Debtor's estate.

7. The Court having considered all of the responses, objections and supporting declarations filed on the docket of this Case (the "Objections") and the agreements set forth on the record of the hearings in connection therewith, the entry of this Procedures Order is in the best interests of the Debtor's estate, its creditors and parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

8. The Sale Procedures, attached to this Procedures Order as **Exhibit A,** are approved, on consent of the objectors, and shall apply with respect to, and shall govern all proceedings related to, (i) the Purchase Agreement, (ii) the Auction, and (iii) the Sale.

9.   The Debtor is authorized to enter into the Purchase Agreement as modified to reflect the agreements reflected on the record of the hearings ("Modified Purchase Agreement"), subject to the confirmation of a plan or entry of the Sale Order, and to take any and all actions reasonably necessary or appropriate to implement the Sale Procedures.  The Purchase Agreement shall be modified solely as follows:

– Section 2.5.9 shall be added and shall read as follows:

> The Escrow Agent shall also hold possession of, keep, deliver and dispose of any Breakup Fee paid to Purchaser in connection with this Agreement, less any actual expenses (but not exceeding $250,000) that may be deducted therefrom, subject to the terms and conditions of that separate agreement entered into between the Purchaser, William T. Obeid, dated [INSERT] (the "Litigation Escrow Agreement") which shall provide for such sums to be held pending a final resolution of the Federal Lawsuit and the New York Lawsuit (as defined in Section 8.5 hereof) for a period of up to eight (8) months unless extended by court order as provided in the Litigation Escrow Agreement; provided, however, that the Escrow Agent is to be considered as a depository only and shall not be deemed to be a party to the Litigation Escrow Agreement, except for the purposes of holding the Breakup Fee, and shall not be responsible or liable in any manner whatsoever for the sufficiency, manner of execution or validity of any written instructions, certificates or any other documents received by it, nor as to the identity, authority or right of any persons (other than the Escrow Agent) executing the Litigation Escrow Agreement.  The Escrow Agent shall be entitled to rely at all times on instructions given by the Purchaser and/or William T. Obeid, as the case may be and as required thereunder, without any necessity of verifying the authority therefore, except as set forth in the Litigation Escrow Agreement.

10. The break-up fee in the amount of $1,140,000, as set forth in section 10.6 of the Modified Purchase Agreement, is approved, subject to the provisions of section 2.5.9 of the Modified Purchase Agreement providing for an escrow of the break-up fee, if paid.

11. The notice procedures for the Auction and Sale Hearing, if any, as described in the Sale Motion, are approved in all respects, and the form of Notice of Auction and Sale Hearing, in substantially the form attached to the Sale Motion as **Exhibit "C,"** as modified to reflect the Sales Procedures, is hereby approved.

12. Notwithstanding anything herein or in the Sale Procedures to the contrary, the Purchase Agreement is a Qualified Bid and Purchaser is a Qualified Bidder.

13. If a Qualified Bid is timely received in accordance with the Sale Procedures from an entity other than Purchaser, the Auction shall be scheduled for **December 15, 2015, at 11:00 a.m. (EDT)** (unless rescheduled to a later date in accordance with the Sale Procedures) to be held before this Court, in Courtroom 601, One Bowling Green, New York, NY 10004.

14. No later than November 23, 2015, the Debtor (or its agents) shall serve a copy of this Procedures Order (including the Sale Procedures and the Notice of Auction and Sale Hearing substantially in the form attached to the Sale Motion as **Exhibit "C"**) upon the following by first-class mail: (i) the Office of the United States Trustee for Region 2; (ii) counsel to the Debtor; (iii) counsel to Purchaser; (iv) all federal, state and local regulatory or taxing authorities or recording offices that are reasonably known by

the Debtor to have an interest in the relief requested by the Motion; (v) all parties known by the Debtor to have expressed a bona fide interest in acquiring the Property; (vi) the Internal Revenue Service; (vii) the United States Attorney's office; (vii) all known creditors of the Debtor (or their counsel, if represented by counsel); and (ix) all entities who have filed a notice of appearance and request for service of papers in the Debtor's case (collectively, the "Auction and Sale Notice Parties").

15. If not already completed, then no later than two (2) business days after entry of this Procedures Order by the Bankruptcy Court, the Debtor (or its agents) shall arrange to place advertisements in The New York Times and The Wall Street Journal (the "Advertisements"), advertising the Sale of the Property and advising interested parties of the Bid Deadline, date of Auction, and how such parties could receive additional information. The Advertisement shall contain the salient terms set forth in the Notice of Auction. In addition, the Property shall continue to be marketed by RobertDouglas,[4] who shall provide William T. Obeid with updates, as requested, on its efforts to market the Property, the results of such efforts and any other matters relevant to the marketing of the Property.

16. The Debtor is hereby authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms and requirements established by this Procedures Order and the Sale Procedures, subject to the continuing oversight by the Court should any

---

[4] Nothing herein can or shall be construed as the Court's approval at this time of the Debtors' retention of RobertDouglas, which retention remains subject to further order of the Court.

party in interest object. The Debtor shall give William T. Obeid reasonable advance written notice of all such steps, expenditures and other actions.

17.   Notwithstanding anything herein to the contrary, to the extent the Sale is unsuccessful, the Lender is recognized as the holder of a bona fide right to credit bid its indebtedness for the purchase of the Property, in its name or in the name of its designee, in the principal amount set forth in any final Order entered by this Court authorizing the Debtors' use of cash collateral.

18.   This Order does not include or otherwise contemplate a transfer, sale or assumption/assignment of the Wyndham Hotels and Resorts, LLC ("WHR") Franchise Agreement. Neither this Order nor any purchase agreement executed or to be executed shall operate to transfer or confer upon Purchaser any rights to the Franchise Agreement or to otherwise use the protected intellectual property of WHR including trademarks, service marks, and logos.  Any continued operation of the Property as a "Wyndham Garden Inn"® is conditioned upon either (i) a separate order of the Court approving the assumption and assignment of the WHR Franchise Agreement or (ii) a separate agreement between the Purchaser and WHR based upon appropriate an application in conformance with WHR's protocols and procedures as well as applicable law.

19.   This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Procedures Order, including (but not limited to) the right to amend this Procedures Order provided that the foregoing shall not be construed to extend to the further disposition of the escrowed break-up fees if paid,

which matter is reserved for the District Court as set forth in the Modified Purchase Agreement.

**BY ORDER OF THE COURT**

Dated: New York, New York
  December 2, 2015      /s/ *James L. Garrity, Jr.*
  _____
  UNITED STATES BANKRUPTCY JUDGE